IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00329-LTB-MJW

JAMES B. MOORE and
STAGECOACH REFINISHING,

Plaintiffs,

v.

BROADSIRE, et al.,

Defendants.

---

**ORDER TO SHOW CAUSE
and
ORDER SETTING SETTLEMENT CONFERENCE**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Lewis T. Babcock on February 20, 2008. (Docket No. 3).

A Rule 16 Scheduling/Planning Conference was held by this court on June 17, 2008, at 9:30 a.m. Present at that conference was the pro se plaintiff, James B. Moore, and counsel for defendants Broadspire and American Industrial. There was no appearance on behalf of plaintiff Stagecoach Refinishing, L.L.C. Pro se plaintiff Moore is not a licensed attorney and thus cannot represent his co-plaintiff. The Tenth Circuit has a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006).

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was

substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**ORDERED** that on **July 28, 2008, at 10:45 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which **plaintiff Stagecoach Refinishing shall appear through counsel** or otherwise show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b).  It is further

**ORDERED** that a Settlement Conference will also be held on **July 28, 2008, at 10:45 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.

Dated:    June 17, 2008              s/ Michael J. Watanabe
          Denver, Colorado           Michael J. Watanabe
                                     United States Magistrate Judge